IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 25 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-02131-BNB

KEITH FRAZIER,

    Plaintiff,

v.

JOE ORTIZ, Executive Director, CDOC,
COLORADO DEPARTMENT OF CORRECTIONS ("CDOC"),
LIMON CORRECTIONAL FACILITY ("LCF"),
AL ESTEP, Warden, LCF,
LOU ARCHULETA, Warden, LCF,
DELAYNE TORNOWSKI, Associate Warden, LCF,
ANTHONY A. DECESARO, Step III Grievance Officer, CDOC,
JOHN DOE #1, Law Librarian, LCF,
HIGGENBOTHEM, Law Librarian, LCF,
A. COSNER, Law Librarian, LCF,
OFFICE OF CORRECTIONAL LEGAL SERVICES, CDOC,
ANTHONY, Case Manager, LCF,
P. GABRIEL (#5165), Mailroom Employee, LCF,
C. JACQUES, Mailroom Employee, LCF,
SANDI PATRICK-HENDRIX, Mailroom Employee, LCF,
MAILROOM, LCF,
READING COMMITTEE, LCF,
CENTRAL READING COMMITTEE, CDOC,
CATHIE HOLST, Office of Correctional Legal Services, Central Reading Committee
    Chair, CDOC,
ACCOUNTING DEPARTMENT/BANKING SERVICE, LCF,
TREVOR WILLIAMS, Review Committee Chair, Custody/Control Manager, LCF,
TONY OUTEN, Custody/Control Manager, LCF,
MENTAL HEALTH/SEX OFFENDER TREATMENT PROGRAM STAFF, LCF,
JOHN DOE #2, Chief of Clinical Services, LCF,
BILL RUSHER, Reading Committee Chair, LCF,
TOM O'BRIEN, Step II Grievance Officer, LCF, and
JAMES D. (#2251), Step I Grievance Officer, LCF,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Keith Frazier, is a prisoner in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility at Olney Springs, Colorado. Mr. Frazier has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was incarcerated at the Limon Correctional Facility. The court must construe the complaint liberally because Mr. Frazier is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Frazier will be ordered to file an amended complaint.

The court has reviewed Mr. Frazier's complaint and finds that the complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of

Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Frazier asserts three claims for relief in his complaint. However, he fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Regarding the first two claims in the complaint, Mr. Frazier sets forth an extended and unnecessary discussion of the minute detail in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For example, in support of his first claim for relief in which he claims interference with his ability to access the courts, Mr. Frazier provides excessive detail about each and every incident in which he sought copies, stamps, and funds from his inmate account in order to pursue his ongoing litigation rather than simply alleging, in general terms, how the Defendants have interfered with his ability to access the courts. In his second claim, in which he alleges that he has been denied various magazines, Mr. Frazier devotes four of the eleven supporting paragraphs to incidents in which he actually received the magazines in question. Mr. Frazier provides a fairly concise statement that recreation programs and activities repeatedly have been shortened or cancelled in his third claim for relief, but he fails to allege which Defendant or Defendants are responsible for the alleged denial of his rights in connection with this third claim. Finally, Mr. Frazier unnecessarily increases the length of the complaint by repetitively listing the Defendants individually both at the beginning of the complaint and

in his request for relief.

For these reasons, Mr. Frazier will be directed to file an amended complaint that complies with the pleading requirements of Rule 8. Mr. Frazier is advised that it is his responsibility to present his claims in a manageable format that allows the court and the Defendants to know what claims are being asserted and to be able to respond to those claims. Furthermore, Mr. Frazier is reminded that, for the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Thompson*, 250 F.2d at 883. Accordingly, it is

ORDERED that Mr. Frazier file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Frazier, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Frazier fails to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction within the time allowed, the action will be dismissed without further notice.

DATED October 25, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02131-BNB

Keith Frazier
Reg. No. 114542
CCCF
6564 State Highway 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on  10/25/07

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk