IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02131-BNB

KEITH FRAZIER,

    Plaintiff,

v.

JOE ORTIZ, Executive Director, CDOC,
COLORADO DEPARTMENT OF CORRECTIONS ("CDOC"),
LIMON CORRECTIONAL FACILITY ("LCF"),
AL ESTEP, Warden, LCF,
LOU ARCHULETA, Warden, LCF,
DELAYNE TORNOWSKI, Associate Warden, LCF,
ANTHONY A. DECESARO, Step III Grievance Officer, CDOC,
JOHN DOE #1, Law Librarian, LCF,
HIGGENBOTHEM, Law Librarian, LCF,
A. COSNER, Law Librarian, LCF,
OFFICE OF CORRECTIONAL LEGAL SERVICES, CDOC,
ANTHONY, Case Manager, LCF,
P. GABRIEL (#5165), Mailroom Employee, LCF,
C. JACQUES, Mailroom Employee, LCF,
SANDI PATRICK-HENDRIX, Mailroom Employee, LCF,
MAILROOM, LCF,
READING COMMITTEE, LCF,
CENTRAL READING COMMITTEE, CDOC,
CATHIE HOLST, Office of Correctional Legal Services, Central Reading Committee
    Chair, CDOC,
ACCOUNTING DEPARTMENT/BANKING SERVICE, LCF,
TREVOR WILLIAMS, Review Committee Chair, Custody/Control Manager, LCF,
TONY OUTEN, Custody/Control Manager, LCF,
MENTAL HEALTH/SEX OFFENDER TREATMENT PROGRAM STAFF, LCF,
JOHN DOE #2, Chief of Clinical Services, LCF,
BILL RUSHER, Reading Committee Chair, LCF, and
TOM O'BRIEN, Step II Grievance Officer, LCF,

    Defendants.

---

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 14 2007

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff Keith Frazier is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Crowley County Correctional Facility at Olney Springs, Colorado. Mr. Frazier initiated this action by filing *pro se* a Prisoner Complaint. On October 25, 2007, Magistrate Judge Boyd N. Boland ordered Mr. Frazier to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On November 13, 2007, Mr. Frazier filed an amended Prisoner Complaint pursuant to 42 U.S.C. § 1983. Mr. Frazier alleges that Defendants violated his rights under the United States Constitution while he was incarcerated at the Limon Correctional Facility. He seeks money damages as well as injunctive relief.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Frazier is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b), the Court is required to dismiss the amended complaint, or any portion of the amended complaint, that is legally frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or in which he asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the amended complaint in part as legally frivolous pursuant to § 1915A(b).

The Court must construe the amended complaint liberally because Mr. Frazier is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should

2

do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be the *pro se* litigant's advocate. *See id.*

Mr. Frazier asserts two claims for relief. He first claims that prison officials violated his rights by interfering with his ability to litigate a number of state court cases and a civil rights action in federal court. Mr. Frazier alleges in his second claim that prison officials violated his rights by preventing him from receiving a number of magazines to which he had subscribed. As noted above, these alleged violations of Mr. Frazier's rights occurred while he was incarcerated at the Limon Correctional Facility. Mr. Frazier currently is incarcerated at a different prison and he alleges that he was transferred out of the Limon Correctional Facility on August 15, 2006.

Mr. Frazier can not obtain injunctive relief from the Defendants in this action because he no longer is incarcerated at the Limon Correctional Facility. A "plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured in the future." *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991). "The touchstone of the mootness inquiry is whether the controversy continues to touch the legal relations of parties having adverse legal interests in the outcome of the case." *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994) (internal quotation marks and brackets omitted). Mr. Frazier's request for injunctive relief will be dismissed as moot because he fails to demonstrate that the entry of injunctive relief will have any effect on Defendants' behavior towards him. *See Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997).

The only other relief Mr. Frazier seeks in this action is an award of damages. However, he may not recover damages from the eight entities he has named as Defendants in this action. The eight entities that Mr. Frazier has named as Defendants in this action are identified in the caption of the amended complaint as Colorado Department of Corrections; Limon Correctional Facility; Office of Correctional Legal Services, CDOC; Mailroom, LCF; Reading Committee, LCF; Central Reading Committee, CDOC; Accounting Department/Banking Service, LCF; and Mental Health/Sex Offender Treatment Program Staff, LCF. Each of these entities, other than the DOC itself, is a part of the DOC. Therefore, the claims against all of these Defendants essentially are claims against the DOC.

The DOC, which is an agency of the State of Colorado, *see* Colo. Rev. Stat. § 24-1-128.5, is protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Likewise, the other entities named as Defendants in this action that are part of the DOC, assuming they are suable entities, also are protected by Eleventh Amendment immunity. "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity. *See Quern v. Jordan*, 440

U.S. 332, 340-345 (1979). Therefore, the entities Mr. Frazier has named as Defendants must be dismissed as parties to this action.

The claims against the Defendants identified in the caption of the amended complaint as Colorado Department of Corrections; Limon Correctional Facility; Office of Correctional Legal Services, CDOC; Mailroom, LCF; Reading Committee, LCF; Central Reading Committee, CDOC; Accounting Department/Banking Service, LCF; and Mental Health/Sex Offender Treatment Program Staff, LCF, will be dismissed for the reasons stated in this order. The Court will not address at this time the merits of Mr. Frazier's claims against the remaining Defendants. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that the claims asserted against Defendants Colorado Department of Corrections; Limon Correctional Facility; Office of Correctional Legal Services, CDOC; Mailroom, LCF; Reading Committee, LCF; Central Reading Committee, CDOC; Accounting Department/Banking Service, LCF; and Mental Health/Sex Offender Treatment Program Staff, LCF, are dismissed pursuant to 28 U.S.C. § 1915A(b) as legally frivolous. It is

FURTHER ORDERED that Defendants Colorado Department of Corrections; Limon Correctional Facility; Office of Correctional Legal Services, CDOC; Mailroom, LCF; Reading Committee, LCF; Central Reading Committee, CDOC; Accounting Department/Banking Service, LCF; and Mental Health/Sex Offender Treatment Program Staff, LCF, are dismissed as parties to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 13 day of Dec., 2007.

BY THE COURT:

*[signature: Zita Weinshienk]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 07-cv-02131-BNB

Keith Frazier
Reg. No. 114542
CCCF
6564 State Highway 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 12/14/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk