IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02131-WDM-KMT

KEITH FRAZIER,

    Plaintiff,

v.

JOE ORTIZ, Executive Director, CDOC,
AL ESTEP, Warden, LCF,
LOU ARCHULETA, Warden, LCF
DELAYNE TORNOWSKI, Associate Warden, LCF
ANTHONY A. DECESARO, Step III Grievance Officer, CDOC,
JOHN DOE #1, Law Librarian, LCF,
HIGGENBOTHEM, Law Librarian, LCF,
A. COSNER, Olaw Librarian, LCF,
ANTHONY, Case manager, LCF,
P. GABRIEL (#5165), Mailroom Employee, LCT,
C. JACQUES, Mailroom Employee, LCF,
SANDI PATRICK-HENDRIX, Mailroom Employee, LCF,
CATHIE HOLST, Office of Correctional legal Services, Central Reading Committee Chair,
    CDOC,
TREVOR WILLIAMS, Review Committee Chair, Custody/Control Manager, LCF,
TONY OUTEN, Custody/Control Manager, LCF,
JOHN DOE #2, Chief of Clinical Services, LCF,
BILL RUSHER, Reading Committee Chair, LCF, and
TOM O'BRIEN, Step II Grievance Officer, LCF,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This case involves a claim that Defendants violated Plaintiff's First, Sixth, and 14th

Amendment rights. This matter is before the court on Defendants' "Motion to Dismiss

Plaintiff's Complaint" (Doc. No. 28) filed February 22, 2008. Jurisdiction is premised upon 28 U.S.C. § 1983 (2007).

**STATEMENT OF THE CASE**

The following facts are taken from Plaintiff's Prisoner Complaint and the parties' submissions with respect to this Recommendation. Plaintiff is incarcerated in the Crowley County Correctional Facility ("CCCF"). (Prisoner Compl. at 2 [hereinafter "Compl."] [filed November 13, 2007].) Plaintiff has named as defendants Joe Ortiz; Al Estep; Lou Archuleta; Delayne Tornowski; Anthony A. Decesaro; John Doe #1; Higinbotham; A. Costner; Anthony; P. Gabriel; C. Jaques; Sandi Patrick-Hendrix; Cathie Holst; Trevor Williams; Tony Outen; John Doe #2; Bill Rusher; and Tom O'Brien, all Colorado Department of Corrections ("CDOC") employees. (*Id.* at 1–5.) Plaintiff asserts two claims for relief. In Claim One, Plaintiff alleges Defendants violated his rights by interfering with his ability to litigate a number of state court cases and a civil rights action in federal court by refusing to make free copies, failing to keep the library open more than eighteen hours per week, and failing to provide adequate research materials. (*Id.* at 7–10). In Claim Two, Plaintiff alleges Defendants violated his rights by preventing him from receiving subscription publications. (*Id.* at 11-16.) Plaintiff seeks compensatory damages and injunctive relief. (*Id.* at 26–37.)

Defendants have filed a motion to dismiss on the bases that (1) the CDOC employees are immune from liability in their official capacities; (2) Plaintiff's claims are barred by the Prison Litigation Reform Act ("PLRA"); (3) Plaintiff's claims against Defendants Ortiz, Estep, Patrick-Hendrix, Rusher, Obrien, and Decesaro fail for lack of personal participation; and (4) the CDOC

employees are entitled to qualified immunity.  (Mem. Br. in Supp. of Defs.' Mot. to Dismiss Pl.'s Compl. [hereinafter "Mot."] [filed February 22, 2008].)

## PROCEDURAL HISTORY

Plaintiff's Prisoner Complaint was filed on November 13, 2007.  (Compl.)  Senior Judge Zita L. Weinshienk issued an order on December 13, 2007, dismissing the injunctive relief claims because Plaintiff is no longer incarcerated at Limon Correctional Facility.  (Doc. No. 9.)  Senior Judge Weinshienk also dismissed several of the defendants originally named by Plaintiff as legally frivolous.  (*Id.*)  Defendants filed their motion to dismiss on February 22, 2008.  (Mot.)  Plaintiff's response was filed on March 6, 2008.  (Pl.'s Resp. to Defs.' Mot. to Dismiss Pl.'s Compl. [hereinafter "Resp."].)  No reply was filed.  This matter is ripe for review and recommendation.

## STANDARD OF REVIEW

*1.* **Pro Se** *Plaintiff*

Keith Frazier is proceeding *pro se*.  The court, therefore, "review[s] [his] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."  *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that

3

a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle her to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002)

## 2. Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

Thus, all well-pleaded factual allegations in a complaint are accepted as true and construed in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). Further, the court is to make all reasonable inferences in the plaintiff's favor. *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). In doing so, the court distinguishes well-pleaded facts from conclusory allegations. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (citations omitted).

In *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1974 (2007), the Supreme Court articulated a new "plausibility" standard, under which a complaint must include "enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974. The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). In evaluating a 12(b)(6) motion to dismiss, it is appropriate to look to whether the plaintiff has alleged each element necessary to establish a prima facie claim on which relief can be granted. *See Ruiz*, 299 F.3d at 1182-83; *Sutton v. United Air Lines, Inc.*, 130 F.3d 893, 902-903 (10th Cir. 1997). Although a plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved. *See* Fed. R. Civ. P. 8(a); *Hall*, 935 F.2d at 1110.

## ANALYSIS

1. *Eleventh Amendment Immunity*

To the extent Plaintiff is suing Defendants in their official capacities, Defendants claim they are immune. "[T]he Eleventh Amendment precludes a federal court from assessing damages against state officials sued in their official capacities because such suits are in essence suits against the state." *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994). It cannot be disputed that Defendants are state officials. Accordingly, Plaintiff's official capacity claims for damages should be dismissed with prejudice.

## 2. First and Fourteenth Amendment Claims for Denial of Access to Court

Plaintiff asserts Defendants were "complicit in restricting and/or denying [his] attempts to do legal work" which violated his "1st Amendment rights to 'freedom of speech'" and "6th Amendment rights to legal access/access to the courts.[1]" (Compl. at 7.) To show a cognizable injury sufficient for a plaintiff to seek relief under the First Amendment, he must show that "non-delivery of his legal mail resulted in 'actual injury' by 'frustrat[ing],' 'imped[ing],' or 'hinder[ing] his efforts to pursue a legal claim.'" *Simkins v. Bruce*, 406 F.3d 1239, 1243 (10th Cir. 2005) (citing *Lewis v. Casey*, 518 U.S. 343, 351–53 & n.3 (1996). Conclusory allegations of injury in this respect will not suffice. *Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006) (citing *Cosco v. Uphoff*, 195 F.3d 1221, 1224 (10th Cir. 1999).

Further, an inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus. *See Bounds v. Smith*, 430 U.S. 817, 828 n.17 (1977) ("[O]ur main concern here is 'protecting the ability of an inmate to prepare a petition or complaint. . . .'") (quoting *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Love v. Summit County*, 776 F.2d 908, 914 (10th Cir. 1985) ("The Supreme Court has never extended 'the Fourteenth Amendment due process claim based on access to the courts . . . to apply further than

---

[1]Plaintiff's First Amendment claim regarding freedom of speech and Sixth Amendment claim are construed by this court as, and encompassed by, a claim for denial of access to the courts under the First and Fourteenth Amendments.

protecting the ability of an inmate to prepare a petition or a complaint.'") (quoting *Wolff*, 418 U.S. at 576).

Here, Plaintiff has failed to show <u>any</u> actual injury. In fact, in his thirty-seven-page, handwritten Complaint, the only reference made to <u>any</u> damages is in Plaintiff's claim for relief, where he asks for compensatory damages "for his physical and/or emotional injuries sustained as a result of the Defendants' violations." (Compl. at 26.) Plaintiff has failed to show how Defendants may have "frustrated," "impeded," or "hindered" his efforts to pursue a valid legal claim. *Simkins*, 406 F.3d at 1243. In addition, Plaintiff's claim that he was unable to make legal copies is not recognized under the Fourteenth Amendment. Therefore, Plaintiff's access-to-courts claims are properly dismissed.

### 3. *Fourteenth Amendment Due Process and Equal Protection Claims*

Plaintiff's first and second claims for relief allege violations of his Fourteenth Amendment due process and equal protection rights.

#### A. *Due Process*

In order to state a due process claim, a prisoner must first demonstrate that he has been deprived of some liberty or property interest. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty or property."). In order to rise to the level of a constitutional violation, a prisoner must prove that his freedom from restraint imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Even upon the

7

most careful reading of Plaintiff's Complaint, it is difficult to discern what liberty or property interest he claims to have been infringed as a result of the alleged failure to provide him free copies and to keep the library open for longer periods of time. Plaintiff has made no assertion that the alleged failures by Defendants imposed an atypical and significant hardship. Therefore, Plaintiff's due process claims are properly dismissed.

### B.     *Equal Protection*

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). The challenged disparate treatment must be the result of purposeful discrimination. *Harris v. McRae*, 448 U.S. 297, 323 (1980). To properly allege an equal protection claim, a plaintiff must plead sufficient facts to "demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002).

In this case, Plaintiff fails to show he is "similarly situated" to any particular group. In addition, Plaintiff has not shown any disparate treatment or purposeful discrimination. In fact, Plaintiff fails to allege any specific facts upon which this court may discern a claim for a violation of the Equal Protection Clause. Accordingly, Plaintiff's Fourteenth Amendment Equal Protection Claim is properly dismissed.

*4.*     *First Amendment Freedom of Speech Claims*

In Claim Two, Plaintiff alleges Defendants violated his First Amendment rights to freedom of speech. (Compl. at 11.) It is well established that "convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison." *Bell v. Wolfish*, 441 U.S. 520, 545 (1979). "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). In the free-speech context the Supreme Court has held that prison officials violate the First Amendment when, for reasons unrelated to legitimate penological interests, they engage in "censorship of . . . expression of inflammatory political, racial, religious, or other views, and matter deemed defamatory or otherwise inappropriate." *Id.* at 415 (internal quotations omitted).

In *Turner v. Safley*, 482 U.S. 78, 89 (1987), the Supreme Court held that prison regulations that impinge upon an inmate's First Amendment rights are valid only if they are "rationally related to legitimate penological objectives." The *Turner* Court articulated four factors that should be considered in determining the constitutionality of a prison's restrictions on speech: (1) whether a valid, rational connection exists between the regulation and the government interest it protects; (2) whether prisoners have alternative means of exercising the protected right; (3) the impact of accommodating the right on other inmates, guards, and the allocation of prison resources generally; and (4) whether alternatives exist that fully accommodate the prisoner's rights at *de minimis* cost to valid penological interests. *Turner*, 482 U.S. at 89-90.

9

Defendants have not moved to dismiss the first amendment claims on the basis that Plaintiff did not state a claim for which relief can be granted. From a reading of the Complaint alone, this court is not prepared to rule that Plaintiff's First Amendment free speech claim should be dismissed, as the analysis required under *Turner v. Safley* may not be made at this juncture. Therefore, Plaintiff's First Amendment free speech claims are not properly dismissed at this time.

### 5. *Prison Litigation Reform Act*

Defendants assert that Plaintiff is not entitled to compensatory damages because he did not allege a physical injury as required by the Prisoner Litigation Reform Act ("PLRA"). (Mot. at 4–5.) The PLRA provides in pertinent part: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e) (2007).

Section 1997e(e) applies regardless of the nature of the underlying substantive violation asserted. *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001) (applying section 1997e(e) to the plaintiff's First Amendment claim for free exercise of religion). Although section 1997e(e) bars recovery of mental or emotional injury damages for failure to allege physical injury, it does not bar recovery of punitive damages, declaratory relief, or nominal damages. *Id.* at 881 (noting that punitive damages may be awarded for constitutional violations without a showing of compensable injury); *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 808 (10th Cir. 1999).

In this case, Plaintiff's only reference made to any damages is in the claim for relief, where Plaintiff asks for compensatory damages "for his physical and/or emotional injuries sustained as a result of the Defendants' violations." (Compl. at 26.)  Plaintiff has failed to make any sufficient allegation sufficient to avoid the limitation contained in § 1997e(e).  *Perkins*, 165 F. 3d at 807.  Therefore, Plaintiff is barred from obtaining compensatory damages for the asserted First Amendment violation associated with only mental or emotional injuries.  *Searles*, 251 F.3d at 876 (holding the plain language of § 1997e(e) forecloses award of compensatory damages for substantive constitutional violation, regardless of the rights asserted, if the only injuries are mental or emotional).  In addition, Plaintiff's injunctive claims have been dismissed.  (Doc. No. 9.)

However, nominal damages are available for the violation of certain "absolute" constitutional rights without any showing of actual injury.  *Perkins*, 165 F.3d at 808 n.6 (citing *Carey v. Piphus*, 435 U.S. 247, 266 (1978).  The Tenth Circuit has found that deprivation of First Amendment rights constitutes injury and stated "[N]ominal damages, and not damages based on some undefinable value of infringed rights, are the appropriate means of vindicating rights whose deprivation has not caused actual, provable injury."  *Lippoldt v. Cole*, 468 F.3d 1204, 1221 (10th Cir. 2006) (quoting *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 308 n. 11 (1986).  "Moreover, the rule seems to be that an award of nominal damages is mandatory upon a finding of a constitutional violation."  *Searles*, 251 F.3d at 879.  Although Plaintiff did not expressly seek an award of nominal damages, the pro se action can be generously construed to

11

assert such a demand for relief given the plaintiff's failure to particularize any other damage sustained by his constitutional claim.

Accordingly, if it is determined Plaintiff has established a constitutional violation, Plaintiff is entitled to an award of nominal damages in the sum of one dollar. *Lippoldt*, 468 F.3d at 1221; *see also Utah Animal Rights Coalition v. Salt Lake City Corp.*, 371 F.3d 1248, 1257–1258 (10th Cir. 2004).

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Defendants' "Motion to Dismiss Plaintiff's Complaint" (Doc. No. 28) be GRANTED as to all of Plaintiff's claims except for the First Amendment free speech claims asserted in Claim Two.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 25th day of August, 2008.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge