IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 07-cv-02131-WDM-KMT

KEITH FRAZIER,

    Plaintiff,

v.

JOE ORTIZ, Executive Director, CDOC, et al.,

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

    This case is before me on the recommendation of Magistrate Judge Kathleen M. Tafoya (doc no 39), filed August 25, 2008, that Defendants' Motion to Dismiss (doc no 28) be granted in part. Plaintiff filed an objection to the recommendation and therefore is entitled to *de novo* review. 28 U.S.C. § 636(b). For the reasons that follow, I will accept the recommendation as modified.

    Plaintiff is an incarcerated prisoner. The claims in this case are asserted against various officials with the Colorado Department of Corrections and with the Limon Corrections Facility, where Plaintiff was housed during the relevant time period. The two primary claims are: (1) Defendants violated Plaintiff's rights by interfering with his ability to litigate various state and federal court cases by refusing to make free copies, failing to keep the library open more than 18 hours a week, and failing to provide adequate research materials; and (2) Defendants violated Plaintiff's rights by preventing him from receiving

various subscription magazines.

Magistrate Judge Tafoya recommends dismissing all official capacity claims against Defendants on the basis of Eleventh Amendment immunity. Plaintiff does not object to this portion of the recommendation. Magistrate Judge Tafoya also recommends dismissing Plaintiff's claims for denial of access to courts because Plaintiff does not allege any actual injury resulting from the Defendants' alleged interference with his litigation. In his objections, Plaintiff argues that in fact one case was dismissed because of the Defendants' failure to provide him with copies of his pleadings. Plaintiff's contention, however, is unsupported by the record. The case at issue is Civil Action No. 06-cv-00309-BNB, filed in this Court. According to the order dismissing the case (doc no 14), Senior Judge Zita L. Weinshienk determined that Plaintiff had failed to file a complaint in compliance with Rule 8, despite being ordered to do so. Plaintiff's complaint and amended complaint were 136 pages long and named approximately 50 defendants. Plaintiff's failure to file a simple, concise, and direct statement of his claims violated Rule 8 and was the reason for the dismissal, not any action by the Defendants. Accordingly, I agree that Plaintiff did not identify any injury resulting from Defendants' alleged failure to provide copies and access to legal resource materials and, therefore, his First Amendment interference with access to courts claim must be dismissed.

The recommendation further concludes that Plaintiff's due process and equal protection subclaims should be dismissed on the grounds that he has not alleged the deprivation of any liberty or property interest or alleged he was treated differently from any similarly situated persons. Plaintiff objects to this portion of the recommendation, asserting that he states a due process claim because "he had a liberty interest in his right to litigate

U.S. District Court civil action 06-cv-0309." Objections (doc no 40) at 2. Since Plaintiff's case was dismissed because of his own failure to submit a proper opening pleading, not because of any action by Defendants, I agree that Plaintiff does not state a due process claim. Plaintiff also asserts that he suffered a violation of his equal protection rights because other prisoners were allowed sufficient copies of their legal materials and were permitted to receive the same magazines that he was denied. To the extent the equal protection claim rests upon Plaintiff's claim that he was denied copies, it should be dismissed. To the extent that it rests upon his assertion that he was denied access to publications, while other similarly situated prisoners were not, he may be able to state a claim. Accordingly, his equal protection claim may proceed.

Magistrate Judge Tafoya also recommends that Plaintiff's claim that his First Amendment rights were violated because of the Defendants' confiscation of certain magazines remain pending. No party has objected to this portion of the recommendation and I agree with her conclusion.

Finally, Magistrate Judge Tafoya recommends dismissing any claims for damages for mental and emotional injuries, other than nominal damages, pursuant to the Prisoner Litigation Reform Act ("PLRA") because Plaintiff did not allege a physical injury. 42 U.S.C. § 1997e(e) (prohibiting recovery for mental or emotional injuries without a prior showing of physical injury). Plaintiff objects to this portion of the recommendation, arguing that the denial of his various magazines amounts to a "physical injury." This is not a physical injury, and so Plaintiff's objection is overruled.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Kathleen M. Tafoya (doc no 39),

filed August 25, 2008, is accepted as modified.

2. Defendants' Motion to Dismiss (doc no 28) is granted in part and denied in part.

3. All claims against Defendants in their official capacities are denied with prejudice; Plaintiff's claims for denial of access to courts is dismissed; Plaintiff's due process claim is dismissed; Plaintiff's claim for mental or emotional injury damages are barred, although Plaintiff may seek nominal damages if he succeeds in establishing a constitutional violation.

4. Plaintiff's equal protection claim and First Amendment claim, based on Plaintiff's assertion that Defendants denied him access to his subscription publications, remain pending.

DATED at Denver, Colorado, on September 16, 2008.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge