IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-02131-CMA-KMT

KEITH FRAZIER,

    Plaintiff,

v.

JOE ORTIZ, Executive Director, CDOC,
AL ESTEP, Warden, LCF,
LOU ARCHULETA, Warden, LCF
DELAYNE TORNOWSKI, Associate Warden, LCF
ANTHONY A. DECESARO, Step III Grievance Officer, CDOC,
JOHN DOE #1, Law Librarian, LCF,
HIGGENBOTHEM, Law Librarian, LCF,
A. COSNER, Olaw Librarian, LCF,
ANTHONY, Case manager, LCF,
P. GABRIEL (#5165), Mailroom Employee, LCT,
C. JACQUES, Mailroom Employee, LCF,
SANDI PATRICK-HENDRIX, Mailroom Employee, LCF,
CATHIE HOLST, Office of Correctional legal Services, Central Reading Committee Chair,
    CDOC,
TREVOR WILLIAMS, Review Committee Chair, Custody/Control Manager, LCF,
TONY OUTEN, Custody/Control Manager, LCF,
JOHN DOE #2, Chief of Clinical Services, LCF,
BILL RUSHER, Reading Committee Chair, LCF, and
TOM O'BRIEN, Step II Grievance Officer, LCF,

    Defendants.

## ORDER

This matter is before the court on "Plaintiff's Motion Requesting Permission to Amend

Complaint to Add Previously Unknown Defendants" (Doc. No. 80, filed June 29, 2009).

Plaintiff seeks to amend his complaint to add four more "John Doe" defendants whose acts/omissions warrant their inclusion in this case. The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires. Fed. R. Civ. P. 15(a). Although the federal rules permit and require liberal construction and amendment of pleadings, the rules do not grant the parties unlimited rights of amendment. A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

When seeking leave of the court to amend a complaint, the motion to amend must detail the proposed amendments and the reasons why such amendments are necessary. In addition, the plaintiff must attach the proposed amended complaint to the motion. The proposed amended complaint must stand alone; it must contain <u>all</u> of the plaintiff's claims.

Plaintiff explains that he discovered the existence of the four additional John Doe defendants through his study of various Inmate Reading Committee Forms. Plaintiff does not detail why the additional defendants are necessary to this action, nor does he attach a proposed amended complaint to his motion. Additionally, the deadline for filing an amended complaint was November, 10, 2008—over seven months ago. Therefore, it is

**ORDERED** that "Plaintiff's Motion Requesting Permission to Amend Complaint to Add Previously Unknown Defendants" (Doc. No. 80) **DENIED**.

Dated this 30th day of June, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge