IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02131-CMA-KMT

KEITH FRAZIER,

    Plaintiff,

v.

JOE ORTIZ, Executive Director, CDOC,
AL ESTEP, Warden, LCF,
LOU ARCHULETA, Warden, LCF
DELAYNE TORNOWSKI, Associate Warden, LCF
ANTHONY A. DECESARO, Step III Grievance Officer, CDOC,
C. JACQUES, Mailroom Employee, LCF,
SANDI PATRICK-HENDRIX, Mailroom Employee, LCF,
CATHIE HOLST, Office of Correctional legal Services, Central Reading Committee Chair,
    CDOC,
TREVOR WILLIAMS, Review Committee Chair, Custody/Control Manager, LCF,
TONY OUTEN, Custody/Control Manager, LCF,
JOHN DOE #2, Chief of Clinical Services, LCF,
BILL RUSHER, Reading Committee Chair, LCF, and
TOM O'BRIEN, Step II Grievance Officer, LCF,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This matter is before the court on "Plaintiff's Combined Motion Requesting Permission to Amend Complaint and Permission for Extension of Time to Do So" (Doc. No. 123 ["Mot."], filed December 22, 2008). Plaintiff states he wants to amend his complaint to "improve its presentation (ie. By stating a more unassailable claim through the use of more persuasive arguments and better factual support)." (Mot.)

The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires. Fed. R. Civ. P. 15(a). Although the federal rules permit and require liberal construction and amendment of pleadings, the rules do not grant the parties unlimited rights of amendment. A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff's initial Prisoner Complaint was filed on November 13, 2007. (Compl.) Senior Judge Zita L. Weinshienk issued an order on December 13, 2007, dismissing the injunctive relief claims because Plaintiff is no longer incarcerated at Limon Correctional Facility. (Doc. No. 9.) Senior Judge Weinshienk also dismissed several of the defendants originally named by Plaintiff as legally frivolous. (*Id.*) Defendants filed their motion to dismiss on February 22, 2008. (Doc. No. 28.) On August 25, 2008, this court issued its Recommendation on the motion to dismiss. (Doc. No. 39.) Senior Judge Walker D. Miller issued an "Order on Recommendation of Magistrate Judge" on September 16, 2008, dismissing all of Plaintiff's claims except Plaintiff's equal protection claim and First Amendment claim, based on Plaintiff's assertion that Defendants denied him access to his subscription publications. (Doc. No. 42 at 4.) Defendants filed their motion for summary judgment on May 21, 2009. (Doc. No. 68.) On August 21, 2009, this court filed its Recommendation that Defendants' motion for summary judgment be granted and that this case be dismissed in its entirety, with prejudice, (Doc. No. 106.) The Recommendation is pending ruling by Judge Christine M. Arguello.

Although Plaintiff states "he has never been afforded the opportunity to amend [his complaint] to suit his needs in this matter[,]" the record shows that Plaintiff previously sought to

amend his complaint to add four additional defendants, but was denied because he did not attach an amended complaint to his motion, nor did he detail why the addition of the four new defendants was necessary. (Doc. No. 83.) Additionally, Plaintiff's previous motion to amend his complaint was filed on June 29, 2009 (Doc. No. 80), more that seven months after the deadline of November 10, 2008, set by this court for amended pleadings. (*See* Doc. No. 45.) The present motion to amend the complaint was filed more than thirteen months after the deadline to file an amended complaint, and more than four months after the filing of the Recommendation that Defendants' summary judgment motion be granted. Again, Plaintiff has failed to detail why amending his complaint is necessary and has failed to attach a proposed amended complaint to his motion.

WHEREFORE, for the foregoing reasons, the court respectfully

**RECOMMENDS** that "Plaintiff's Combined Motion Requesting Permission to Amend Complaint and Permission for Extension of Time to Do So" (Doc. No. 123) be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the

Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, Petitioners waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 23rd day of December, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge