IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02131-CMA-KMT

KEITH FRAZIER,

    Plaintiff,

v.

JOE ORTIZ, Executive Director, CDOC,
AL ESTEP, Warden, LCF,
LOU ARCHULETA, Warden, LCF
DELAYNE TORNOWSKI, Associate Warden, LCF
ANTHONY A. DECESARO, Step III Grievance Officer, CDOC,
C. JACQUES, Mailroom Employee, LCF,
SANDI PATRICK-HENDRIX, Mailroom Employee, LCF,
CATHIE HOLST, Office of Correctional legal Services, Central Reading Committee Chair,
    CDOC,
TREVOR WILLIAMS, Review Committee Chair, Custody/Control Manager, LCF,
TONY OUTEN, Custody/Control Manager, LCF,
JOHN DOE #2, Chief of Clinical Services, LCF,
BILL RUSHER, Reading Committee Chair, LCF, and
TOM O'BRIEN, Step II Grievance Officer, LCF,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This matter is before the court on "Plaintiff's Motion to Amend Complaint" (Doc. No. 129 ["Mot."], filed December 22, 2008). Plaintiff states he wants to amend his complaint to present a "much more efficient, organized, and attractive document now, with extraneous dismissed claims and parties removed, and up-to date/complete information, retooled arguments,

and more effective supporting law added so that his remaining claim is solid and legally sound." (Mot.)

Plaintiff's initial Prisoner Complaint was filed on November 13, 2007. (Compl.) Senior Judge Zita L. Weinshienk issued an order on December 13, 2007, dismissing the injunctive relief claims because Plaintiff is no longer incarcerated at Limon Correctional Facility. (Doc. No. 9.) Senior Judge Weinshienk also dismissed several of the defendants originally named by Plaintiff as legally frivolous. (*Id.*) Defendants filed their motion to dismiss on February 22, 2008. (Doc. No. 28.) On August 25, 2008, this court issued its Recommendation on the motion to dismiss. (Doc. No. 39.) Senior Judge Walker D. Miller issued an "Order on Recommendation of Magistrate Judge" on September 16, 2008, dismissing all of Plaintiff's claims except Plaintiff's equal protection claim and First Amendment claim, based on Plaintiff's assertion that Defendants denied him access to his subscription publications. (Doc. No. 42 at 4.) Defendants filed their motion for summary judgment on May 21, 2009. (Doc. No. 68.) On August 21, 2009, this court filed its Recommendation that Defendants' motion for summary judgment be granted and that this case be dismissed in its entirety, with prejudice. (Doc. No. 106.) The Recommendation is pending ruling by Judge Christine M. Arguello.

On December 22, 2009, Plaintiff filed a "Combined Motion Requesting Permission to Amend Complaint and Permission for Extension of Time to Do So," in which Plaintiff stated he wished to amend his complaint to "improve its presentation (ie. By stating a more unassailable claim through the use of more persuasive arguments and better factual support)." (Doc. No. 123.) This court recommended Plaintiff's motion to amend be denied, finding:

2

> Although Plaintiff states "he has never been afforded the opportunity to amend [his complaint] to suit his needs in this matter[,]" the record shows that Plaintiff previously sought to amend his complaint to add four additional defendants, but was denied because he did not attach an amended complaint to his motion, nor did he detail why the addition of the four new defendants was necessary. (Doc. No. 83.) Additionally, Plaintiff's previous motion to amend his complaint was filed on June 29, 2009 (Doc. No. 80), more that seven months after the deadline of November 10, 2008, set by this court for amended pleadings. (*See* Doc. No. 45.) The present motion to amend the complaint was filed more than thirteen months after the deadline to file an amended complaint, and more than four months after the filing of the Recommendation that Defendants' summary judgment motion be granted. Again, Plaintiff has failed to detail why amending his complaint is necessary and has failed to attach a proposed amended complaint to his motion.

(Doc. No. 125 at 2–3.)

In this case, the deadline for amending pleadings has passed, discovery is closed, and this court has recommended that Defendants' Motion for Summary Judgment be granted. The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires. Fed. R. Civ. P. 15(a). Although the federal rules permit and require liberal construction and amendment of pleadings, the rules do not grant the parties unlimited rights of amendment. A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

A motion to amend should be denied if a plaintiff has unduly delayed in seeking the amendment. *Wessel v. City of Albuquerque*, 299 F.3d 1186, 1197 (10th Cir. 2002) (citing cases). The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is

undue. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir.2006).  Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993), or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (citation omitted).  In such circumstances, "untimeliness alone is an adequate reason to refuse leave to amend." *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005).

     Defendants' motion for summary judgment was filed on May 21, 2009 (Doc. No. 68), and according to Plaintiff the defendants' responses to his discovery requests were dated July 16, 2009.  Plaintiff filed his combined motion for summary judgment and response to Defendants' motion for summary judgment on June 29, 2009.  (Doc. No. 73.)  Plaintiff filed supplements to his motion for summary judgment on July 10, 2009 (Doc. No. 89) and July 29, 2009 (Doc. No. 96).  Plaintiff again, at this late date, argues he should be allowed to amend his complaint because Defendants' motion for summary judgment and response to Plaintiff's discovery "each contained a wealth of information pertinent to this matter which the plaintiff had never before seen." (Mot., ¶ 2.)  Plaintiff seeks to add many defendants and to expand his remaining First Amendment and Fourteenth Amendment claims.  (Mot., ¶ 1; Doc. 129–2.)  However, the motion fails to give an adequate reason for his delay in filing an adequate motion to amend, and fails to identify how the amendment would cure the deficiencies of proof identified in the

recommendation regarding Defendants' summary judgment motion. The Tenth Circuit has stated:

> A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim. Liberality in amendment is important to assure a party a fair opportunity to present his claims and defenses, but "equal attention should be given to the proposition that there must be an end finally to a particular litigation . . . . Much of the value of summary judgment procedure in the cases for which it is appropriate . . . would be dissipated if a party were free to rely on one theory in an attempt to defeat a motion for summary judgment and then, should that theory prove unsound, come back along thereafter and fight on the basis of some other theory.

*Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir.1994) (internal quotations and citations omitted).

Based on the entire record of this case, this court cannot find that Plaintiff was diligent in seeking this amendment. The information supposedly relied upon by Plaintiff to amend his complaint has been available since at least May 21, 2009. The plaintiff filed his initial complaint on October 10, 2007. (Doc. No. 3.) The case is now more than two years old. A motion to dismiss the initial Complaint has been decided. (Doc. No. 42.) A motion for summary judgment on the Amended Complaint is pending. Allowing the plaintiff to amend his claims again would unduly delay this case.

WHEREFORE, for the foregoing reasons, the court respectfully

**RECOMMENDS** that "Plaintiff's Motion to Amend Complaint" (Doc. No. 129) be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those

portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, Petitioners waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 27th day of January, 2010.

**BY THE COURT:**

_/s/ Kathleen M. Tafoya_

Kathleen M. Tafoya

United States Magistrate Judge